# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 17, 2013

Lyle W. Cayce
Clerk

No. 12-41314
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUDY RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-1128-3

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Rudy Rodriguez pled guilty to conspiracy to commit murder in aid of a racketeering activity (Count One) and conspiracy to possess with intent to distribute more than 500 grams of methamphetamine (Count Five).  Finding that the district court erred in applying a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(4), we previously vacated Rodriguez's 324-month sentence imposed on Count Five and remanded for resentencing.  On remand, the district court found that the applicable Guidelines range, without the enhancement, was

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

292 to 365 months of imprisonment, and it again sentenced Rodriguez within the Guidelines range to 324 months of imprisonment.

The sole issue on appeal is whether the 324-month within-Guidelines sentence is substantively reasonable. As Rodriguez made no objection to his sentence in the district court, our review is for plain error. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 361 (5th Cir. 2009).

This court applies a presumption of reasonableness to a properly calculated within-Guidelines sentence. *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). To rebut the presumption, a defendant must show "that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Rodriguez has not done so. Although he argues that the district court erred in balancing the sentencing factors and gave more weight to some factors than others, his argument amounts to a mere disagreement with the district court's weighing of proper and relevant sentencing factors and is not sufficient to rebut the presumption of reasonableness given to his sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (explaining that appellate courts will not re-weigh the sentencing factors). The district court expressly noted that in imposing the sentence it considered the 18 U.S.C. § 3553(a) factors, including the seriousness of the offense, the extent of Rodriguez's criminal history, the need to protect the public, and the need to deter future criminal conduct. Even if circumstances could have justified a lesser sentence, "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *Campos-Maldonado*, 531 F.3d at 339.

Accordingly, the judgment of the district court is AFFIRMED.